

HOFMANN & ASSOCIATES
Attorneys for Plaintiff
360 W. 31st Street, Suite 1506
New York, N.Y. 10001
Tel: (212) 465-8840

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ARNOLD JACKSON,

               Plaintiff,

   -against-

WATERMAN STEAMSHIP CORP.

              Defendant
------------------------------------------------------------x

COMPLAINT CIVIL AND
ADMIRALTY IN PERSONAM

Not a Class Action
Suit by a seaman without
Prepayment of Fees and
Costs Pursuant to U.S.C. § 1916

## JURY TRIAL DEMANDED

Plaintiff claims of the defendant damages upon the following causes of action, as further stated in the below causes of action:

**FIRST CAUSE OF ACTION -NEGLIGENCE,
JONES ACT NEGLIGENCE, AND UNSEAWORTHINESS**

1. Plaintiff is and at all times relevant herein was a seaman.

2. Defendant WATERMAN STEAMSHIP CORPORATION is and on November 24, 2006, was a entity incorporated in New York and does business in the state in which this District Court sits.

3. The jurisdiction of this Court over this First Cause of Action arises under and by virtue of the Jones Act, 46 U.S.C. §30104, the General Maritime Law and the

1

admiralty jurisdiction of the United States under 28 U.S.C. §1333. Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to a jury trial in plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried to a jury, at plaintiff's option, as permitted under Fitzgerald v. United States Lines Company, 374 U.S. 16 (1963).

4. On November 24, 2006 and at all times material hereto, the WATERMAN STEAMSHIP CORPORATION owned the vessel the M/V ATLANTIC FOREST (hereinafter, "the vessel") and/or was the barefoot charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

5. On November 24, 2006, and at all times material hereto, WATERMAN STEAMSHIP CORPORATION possessed the vessel and/or was the barefoot charterer, and/or was the owner pro had vice thereof, in coastwise, inter-coastal and foreign commerce.

6. On November 24, 2006, and at all times material hereto, WATERMAN STEAMSHIP CORPORATION managed the vessel and/or was the barefoot charterer, and/or was the owner pro had vice thereof, in coastwise, inter-coastal and foreign commerce.

7. On November 24, 2006, and at all times material hereto, WATERMAN STEAMSHIP CORPORATION operated the vessel and/or was the barefoot charterer, and/or was the owner pro had vice thereof, in coastwise, inter-coastal and foreign commerce.

8. On November 24, 2006, and at all times material hereto, WATERMAN

STEAMSHIP CORPORATION controlled the vessel and/or was the barefoot charterer, and/or was the owner pro had vice thereof, in coastwise, inter-coastal and foreign commerce.

9. On November 24, 2006, and at all times material hereto, WATERMAN STEAMSHIP CORPORATION manned and/or employed the crew of the vessel.

10. On November 24, 2006, the plaintiff was in the employ of WATERMAN STEAMSHIP CORPORATION, as a member of the crew of the vessel, at the rate of pay and for the term set forth in his employment contract, and/or the shipping articles, with the entitlement to bonus, found and overtime.

11. On November 24, 2006, while the vessel was in navigable waters, plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy condition of the vessel, and the negligence of the defendant, was caused to sustain the serious injuries more specifically set forth hereunder.

12. On November 24, 2006, plaintiff, in the course of his employment, and with the consent and knowledge of each of the defendant, was performing labors in the furtherance of the vessel's owners' business. While in the process of so doing, plaintiff was caused to sustain the serious injuries more specifically set forth hereunder.

13. The defendant had a non-delegable duty to provide plaintiff a safe place to work.

14. Plaintiff's injuries were caused by the negligence of the defendant, by its agents, servants, workmen and employees and by the unseaworthiness of the vessel, and

by the defendant's breach of its obligation to provide prompt and adequate medical care, treatment, maintenance and cure.

15. Solely by reason of the negligence of the defendant and the unseaworthiness of the vessel, as set forth above, plaintiff's muscles, nerves, tendons, blood vessels and ligaments were severely bruised, torn, wrenched, sprained, and otherwise injured; he sustained an injury to his spine; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer aches, pains and mental anguish; he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; and has in the past, and will in the future, suffer a loss of earnings.

16. By reason of the foregoing, plaintiff claims compensatory damages in an amount to be determined by the trier of fact.

17. By reason of the foregoing plaintiff was unable to pursue his ordinary course of employment and claims lost wages for the period of time he was unable to fully continue his employ.

### SECOND CAUSE OF ACTION-MAINTENANCE & CURE

18. Plaintiff claims of the defendant maintenance, cure and wages, and if warranted, attorneys fees, in such amount as may be determined by the Court upon the

following cause of action:

19. Plaintiff repeats and realleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

20. The jurisdiction of this Court over the second cause of action arises under and by virtue of the Admiralty jurisdiction of the District Courts of the United States.

21. All maintenance and cure due to plaintiff has not been paid.

22. Plaintiff, by virtue of his service upon the said vessel, claims maintenance, cure and wages and, if warranted, attorneys fees in an amount which the Court shall deem just and proper upon the trial of this cause.

23. All and singular, the premises contained in the second cause of action are true and within the Admiralty and Maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, plaintiff prays that judgment be entered against the defendant, and,

1. That citation issue against the Defendant, and the vessel to appear and answer all the matters aforesaid;

2. That the Honorable Court enter judgment for plaintiff in accordance with the sums set forth as aforesaid together with interest, costs and counsel fees;

3. That judgment be entered against the defendant for compensatory damages in the amount found by the trier of fact, and for such maintenance, cure and wages as the Court may determine to be due and owing upon the trial of this cause, and for such interest, costs, counsel fees as the Court may deem just and proper.

Dated: New York, New York        HOFMANN & ASSOCIATES
      April 24, 2007                Attorneys for Plaintiff

                                      By:_____
                                        Paul T. Hofmann (PH 1356)
                                        360 W. 31st Street
                                        New York, New York 10001
                                        Tel: 212-465840