HOFMANN & ASSOCIATES
Attorneys for Plaintiff
360 W. 31st Street, Suite 1506
New York, N.Y. 10001
Tel: (212) 465-8840

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
ARNOLD JACKSON,

                Plaintiff,

  -against-                                07 CV 3320 (SHS)

WATERMAN STEAMSHIP CORP.

                Defendant
------------------------------------------------------x

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF LOUISIANA

 

HOFMANN & ASSOCIATES
Attorneys for Plaintiff
360 West 31st Street, Suite 1506
New York, NY 10001-2727
212-465-8840
By: Paul T. Hofmann

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

FACTS......................................................................................................................................1

LAW.........................................................................................................................................2

ARGUMENT...........................................................................................................................3

      A.      AVAILABILITY AND CONVENIENCE
             OF WITNESSES AND PARTIES.......................................................3

      B.      LOCATION OF RELEVANT DOCUMENT.........................................6

      C.      LOCUS OF OPERATIVE FACTS.........................................................7

      D.      AVAILABILITY OF PROCESS TO COMPEL ATTENDANCE
             OF UNWILLING WITNESSES............................................................7

      E.      RELEVANT MEANS OF THE PARTIES..............................................8

      F.      WEIGHT ACCORDED PLAINTIFF'S CHOICE OF
             FORUM....................................................................................................9

      G.      TRIAL EFFICIENCY............................................................................10

CONCLUSION......................................................................................................................10

## TABLE OF AUTHORITIES

CASE                                                                                                      PAGE

Blake v. Delta Steamship Lines, Inc.,
No. 84 Civ. 2661 (WCC)(S.D.N.Y. 1985).................................................................5

Faucette v. Lykes Bros. S.S. Co., Inc.,
110 F. Supp. 287 (S.D.N.Y. 1953).............................................................................6

Hoppe v. G.C. Searle & Company,
638 F. Supp 1271 (D. Minn. 1988).............................................................................7

Jacobs v. First Shipmore, 1984 AMC 1566 (1984)............................................................5

Vaughan v. Atkinson,
369 U.S. 527, 531-32, 82 S. Ct. 997, 8 L. Ed. 2d 88, 92 (1962)......................................10

## STATUTES

28 U.S.C.§1404(a)..................................................................................................2

28 U.S.C. §2201....................................................................................................1

28 U.S.C. §2202....................................................................................................1

46 U.S.C. §20104..................................................................................................1

I.    **FACTS**

        Plaintiff is a seaman under the Jones Act, 46 U.S.C. §30104, who was a member of the crew of the vessel M/V ATLANTIC FOREST. The vessel was owned and/or operated by defendant Waterman. Plaintiff Jackson was employed by plaintiff Waterman Steamship aboard the vessel as an able bodied seaman.

        The matter before the Court arises from an incident aboard the vessel in which where plaintiff was injured. The incident took place while the vessel was on the high seas between Bahrain and Kuwait. On or about November 27, 2006, plaintiff Jackson was injured in the course and scope of his employment with plaintiff aboard the vessel. The incident was reported immediately. Plaintiff Jackson received some medical treatment in Kuwait, where the vessel was docked at the time of the incident and was eventually repatriated on December 5, 2006. He was found to be not fit for duty by all medical personnel who examined him before returning to the United States.

        After plaintiff was repatriated to the United States by defendant, he underwent medical examination by physicians selected and paid by Waterman. As a result of this treatment, both an orthopedic surgeon and a neurosurgeon, the doctors selected by defendant, decided Mr. Jackson needed a cervical fusion.

        At his point and for reasons known only to defendant and its counsel, after being informed of the need for surgery, defendant instead halted maintenance and cure payments to plaintiff and peremptorily instituted an action under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, in the Eastern District of Louisiana claiming it did not have to pay the maintenance and cure due to some alleged medical condition in

plaintiff's cervical spine which was also allegedly not reported to defendant. Rather than ask plaintiff Jackson to sign a medical release to obtain information to determine the veracity of this injury, defendant instead filed the declaratory judgment action, demanding Mr. Jackson appear for a deposition.

Plaintiff subsequently filed the suit herein, in a proper venue as to defendant, seeking jury trial for damages under the Jones Act, the general maritime laws of the United states and for maintenance and cure.

## II.  LAW

The law at issue in this matter, 28 U.S.C. §1404(a), was enacted 1948, which the Court can take judicial notice was well before the advent of the technology age in which we now practice law. This was well before the Internet, personal computers and electronic discovery of documents. The difficulties envisioned by the authors of the statute no longer exist.

Defendant's recitation of the applicable law as to a transfer motion under 28 U.S.C. §1404(a) is correct and does not need to be repeated. However, defendant's application of the facts and interpretation of the law is at best incorrect. Contrary to defendant's assertions, at p. 7 of its brief, the relevant factors in this case support plaintiff's contention this matter does not need to be transferred, and in fact, the facts undercut all of defendant's arguments for transfer.

### III. ARGUMENT

#### A. AVAILABILITY AND CONVENIENCE OF WITNESSES AND PARTIES

Mr. Jackson affirmatively sates that the Southern District of New York is convenient for him.

As to defendant Waterman, its principal place of business is in New York so it seems evident it cannot be inconvenienced as a party. Contrary to the allegation in the declaration of Lisa Johnston attached to defendant's motion, defendant's principal office, according to its own filings with the Louisiana Secretary of State, plaintiff's exhibit "A", lists its principal office as One Whitehall Street, New York, N.Y. This document also shows its principal business establishment in Louisiana to be in New Orleans. However, as defendant concedes in its motion, this information is now out-dated as defendant's other principal place of business is not in Louisiana but in Alabama[1].

Likewise, the records from the New York State Department of State, Division of Corporation, plaintiff's exhibit "B", shows defendant's principal executive office to be located at One Whitehall Street, New York, N.Y. Defendant's claim to be located in Louisiana is baseless.

Further, as noted in the Johnston declaration, the defendant's alleged principal

---

[1] Since defendant now admits one of its placesof business is now Alabama, its decision to file the Delaratory Judgment action in Louisiana leads to the conclcusion it was filed in Louisiana for the convenience of defendant's counsel in Louisiana, which is not a factor to be considered. Supra, section F and G.

place of business is now in Mobile, Alabama. The corporate information from the Alabama Office of the Secretary of State shows the principal address for Waterman Steamship Corporation to be 19 Rector Street, New York, N.Y. Plaintiff's exhibit "C".

As to the witnesses, the incident occurred on a vessel whose crewmembers, presumably, are from all different areas of the country. It would be doubtful the other crew members, who may have discoverable and material information, all live in Louisiana. See, declaration of Arnold Jackson. Their testimony would be by deposition with counsel for the parties traveling to these locations, thereby vitiating any claim of inconvenience.

The only witness to the incident identified by defendant lives in New Orleans. However, as discovery has not yet taken place, there is no way for plaintiff or this Court to know where the other crew members, some of who may have testimony relevant to this matter, presently reside. The allegation that none of the other crew members live in or in the vicinity of ne York, made in the Johnston declaration ¶23, is irrelevant to this matter and misleading, as their proximity to New York is not a factor in this matter.

As to the physicians, their testimony will be taken by deposition, or by video deposition, allowing a jury to actually see the witness. Any claim that Waterman is being deprived of bringing a witness to trial live is dubious as modern technology would allow the doctors to testify in real time through the use of video teleconferencing. Waterman's counsel in New York or New Orleans would have the same "inconvenience" issues with obtaining testimony. Bringing this matter to trial before a jury in New York does not create any inconvenience for the parties or witnesses.

Defendant's use of Blake v. Delta Steamship Lines, Inc., No. 84 Civ. 2661 (WCC)(S.D.N.Y. 1985); 1985 U.S. Dist. LEXIS 22288, 1984 AMC 1566 as support for its position is interesting when one actually reads the facts.

> While the Court ordinarily presumes the plaintiff to be the best judge of his own convenience. that presumption is unwarranted here. The District of Maryland appears to be more convenient for Blake not only because he lives in Baltimore, but also because it will be virtually impossible for him to litigate this claim effectively in New York. Plaintiff is reportedly confined to his bed and unable to travel. Thus, he is unable to attend depositions here, and presumably could not testify at a trial here.

Id., at slip opinion pp. 5-6.

This incapacity of the plaintiff was the first factor mentioned by the Blake court, indicating its importance in the decision. Plaintiff at bar does not suffer from such incapacity and believes New York to be convenient for him.

> Plaintiff's immobility also works to the detriment of defendant. If Delta wishes to take Blake's deposition, its current New York attorneys will have to travel to Baltimore to do so, or Delta will have to retain separate Baltimore counsel to perform the task. Either of these alternatives will result in greater expense for Delta.

Id.

This problem also does not exist at bar as defendant's general counsel, Mr. Goodier, is located in New Orleans. In fact, that may be the prime reason for defendant trying so strenuously to keep this matter in New Orleans. There is no extra cost of counsel in the matter for defendant or plaintiff.

In Jacobs v. First Shipmore, 1984 AMC 1566 (1984) the concerns about the ability to subpoena witnesses, cited by defendant, is obviated by the nationwide service of process available in federal court litigation.

Finally, in Faucette v. Lykes Bros. S.S. Co., Inc., 110 F. Supp. 287 (S.D.N.Y.

1953), the Court, in its attenuated decision, notes the defendant's principal place of business was New Orleans. At bar, defendant's principal place of business is New York.

### B.  LOCATION OF RELEVANT DOCUMENT

Despite defendant's strenuous assertions that the location of documents factor "absolutely favors the transfer of this cause", at p. 13, defendant's brief, the documents are now in Mobile, Alabama. Just as defendant's Louisiana counsel's has copies of these documents at his office, plaintiff's New York counsel has copies of plaintiff's documents at their office. This simply demonstrates that with technology, document location is now a non-factor. This is particularly so where the number of documents will be small, as in the case at bar. Defendant has the accident report, which is has already produced, payroll records, medical logs and vessel logs which may be necessary. Whether they are produced in New York, Mobile or New Orleans is irrelevant.

Again, with nationwide service of process and the liberality of discovery inherent in the Federal Rules of Civil Procedure, the availability of the documents is a non-factor. In fact, most of the relevant documents have already been produced in defendant's memorandum herein, and in a separate pleadings in the pending New Orleans action.

### C.  LOCUS OF OPERATIVE FACTS

There are two sets of operative facts - liability and damages. The facts concerning liability all occurred on the vessel, other than facts concerning failure to pay maintenance and cure. The damage issues are contained with the medical records. Again, the availability of the doctors is irrelevant considering their testimony can be taken and recorded for use at trial, as allowed by the Federal Rules of Civil Procedure.

### D. AVAILABILITY OF PROCESS TO COMPEL ATTENDANCE OF UNWILLING WITNESSES

To read defendant's brief on this issue is to makes one wonder as to how litigation in the 21st century can proceed. The fact that witnesses are outside the geographic range of a federal court is of no significance. Depositions, especially video depositions, are now a standard procedure in federal practice. The fact the witnesses are not in New York is again irrelevant

The Hoppe v. G.C. Searle & Company, 638 F. Supp 1271 (D. Minn. 1988) case cited by defendant at p. 14 of its brief is distinguishable as the judge therein found that "all of the lay and expert witnesses with knowledge of the facts surrounding" the case were in New York. Id., slip opinion p. 16, 638 F. Supp., at 1276. This is not the situation in the case at bar, as the location of many witnesses from the vessel is unknown, and the medical witnesses in Louisiana are not all within the 100 mile range of the court, as incorrectly claimed by defendant in the Johnston declaration ¶20. Specifically, Urolteck GU Diagnostics is in Vinton, Louisiana, which, contrary to the Johnston declaration, is not in the "general" New Orleans area, but rather more that 150 west of New Orleans; Dr. Stuart Phillips, the operating physician for plaintiff's previous surgery is retired and no longer lives in New Orleans. Dr. David Mielke is retired and no longer practices.

As previously noted, while the witnesses may be beyond the subpoena power of the court for purposes of physical appearance, they can be deposed. Of course, these same witnesses, medical and non-medical, are or may be beyond the subpoena power of

-7-

the New Orleans court, thereby presenting the plaintiff with a similar problem to the one defendant now cites as a reason for transferring this matter. If plaintiff is faced with this problem, it would manifestly unfair to allow defendant to have its witnesses available and not extend the same right to plaintiff.

### E.  **RELEVANT MEANS OF THE PARTIES**

Defendant seems to have turned this factor on its head. Whatever costs Mr. Jackson incurs, any effort to have the costs paid by defendant would be at the discretion of the court. The costs incurred by counsel is a matter between Mr. Jackson and counsel and not are an issue. This is a non-factor considering Mr. Jackson chose to litigate in New York. Plaintiff chose this venue thereby vitiating this argument. Again, this is a non-factor.

### F.  **WEIGHT ACCORDED PLAINTIFF'S CHOICE OF FORUM**

Overcoming the hornbook law that plaintiff's choice of forum should not be disturbed absent a clear and convincing showing by the defendant the balance of convenience factors are in favor of the defendant's choice of venue is difficult. Clear and convincing proof means more than more likely than not.

Despite defendant's assertions to the contrary, plaintiff's domicile is irrelevant to this matter. Many litigants file suit in venues where they do not reside.

The location of the incident is also a non-factor. The incident occurred on the high seas while the vessel was in transit between Bahrain and Kuwait. *See,* exhibit A, defendant's memorandum. It did not occur in Louisiana or New York, making this fact irrelevant to the decision herein.

Defendant also contends the fact witnesses are in Louisiana, thereby supporting its argument. The domiciles of all the fact witnesses are unknown at this time as discovery has not commenced. The only two fact witnesses identified at this point live in the New Orleans area, but only full discovery will allow the parties to determine the actual location of all witnesses.

The only other "fact" defendant cites in support of its clear and convincing burden is the location of plaintiff's counsel. This gratuitous comment reflects the weakness of defendant's argument to transfer this matter. If, as defendant notes, this factor is of no relevance, why include it is a brief, other than to attempt to buttress a fatally flawed argument.

### G.   TRIAL EFFICIENCY

The parties are before this Court on the transfer motion because this matter was initiated by defendant in a race to the courthouse. By filing a declaratory judgment action, and within that action, pleading Federal Rules of Civil Produce 9(h), the defendant seems to be attempting to defeat the long held right of a seaman to choose the venue for his suit with a trial by jury. There is no greater connection for defendant to litigate in New Orleans than to litigate in New York.

Any inefficiency in the trial of this matter is the creation of the defendant in its rush to the courthouse. As noted above, rather than file a declaratory judgment suit to obtain information from the plaintiff, the defendant simply could have had it claims representative perform the required investigation into the claim. *See*, Vaughan v. Atkinson, 369 U.S. 527, 531-32, 82 S. Ct. 997, 8 L. Ed. 2d 88, 92 (1962). Rather,

defendant filed suit.

## IV. <u>CONCLUSION</u>

    The factors listed above all favor denying defendant's motion to transfer and plaintiff would submit this motion be denied. However, plaintiff would also respectfully submit this matter is premature and need not be decided at this time, pending discovery.

Dated: New York, New York           HOFMANN & ASSOCIATES
        August 17, 2007                Attorneys for Plaintiff

                                                 By: _____
                                                 Paul T. Hofmann (PH 1356)
                                                 360 W. 31st Street
                                                 New York, New York 10001
                                                 Tel: 212-465-8840

AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

GUILLERMO MARTINEZ being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at 360 West 31st Street, New York, N.Y. 10001. That on the 17th day of August 2007, deponent served the within:

"PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF LOUISIANA " upon:

Junge & Mele, LLP
29 Broadway, 9th Floor
New York, NY 10006-3101

Jones, Walker, Waechter, Poitevent, Carrere & Denegre
Place St. Charles
201 St. Charles Ave., 50th Floor
New Orleans, LA 70170-5100

at the last known address designated by them for that purpose by depositing a true copy of same enclosed by mail in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Service department within the State of New York.

Guillermo Martinez

Sworn to before me this
17th day of August 2007

Notary Public

GERARD HARRINGTON
Notary Public, State of New York
No. 01HA6102369
Qualified in New York County
Commission Expires Dec. 8, 2007