UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
                                     :

ARNOLD JACKSON,                    :

                 Plaintiff,    :

                           :

          -against-      :        **07 CV 3320 (SHS)**

                           :

WATERMAN STEAMSHIP CORP.,    :

                           :

          Defendant.   :

                           :
------------------------------------------------- x

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF LOUISIANA

JUNGE & MELE, LLP
*Attorneys for Defendant*
29 Broadway – 9th Floor
New York, NY 10006
(212) 269-0061

*Of Counsel*,

Peter A. Junge (PJ-0745)
Glenn G. Goodier (La. Bar #6130)
Lance M. Sannino (La. Bar #29409)
JONES, WALKER, WAECHTER,
POITEVENT CARRIÈRE & DENÈGRE, LLP
201 St. Charles Avenue – 48th Floor
New Orleans, LA 70170-5100

Defendant, Waterman Steamship Corporation (hereinafter referred to as "Waterman Steamship"), respectfully submits the following memorandum of law to specifically reply to the arguments raised by Plaintiff in opposing its motion to transfer venue of this action to the Eastern District of Louisiana pursuant to 28 U.S.C. §1404(a).

**I**

**INTRODUCTION**

Unable to conceive of any meaningful arguments for retaining this action in the Southern District of New York, Plaintiff instead resorts to illustrating which of the enumerated factors guiding this Court's analysis are alleged "non-factors" based on the attenuated argument that certain modern technologies "vitiate" any and all claims of inconvenience.[1]  Telling though, Plaintiff is unable to offer, much less establish, any material connection between the Southern District of New York and the operative facts of this case.  Presumably, Plaintiff proceeds here based on Waterman Steamship's mere presence within the district.  However, such a presence in the absence of any other connection between the action and the Southern District of New York is insufficient to prevent transfer of this matter to the appropriate federal district court.  *See Anadigics, Inc. v. Raytheon Company*, 903 F.Supp. 615, 617 (S.D.N.Y. 1995).  Further, Plaintiff conveniently fails also to recognize that he, not Waterman Steamship, has engaged in nothing less than a textbook example of forum shopping by filing his claims in the Southern District of New York, a forum with no connection to this dispute in any respect.  As such, Plaintiff's opposition arguments are unsupported in law or in fact, providing a compelling basis for the granting of Waterman Steamship's motion to transfer.

---

[1] While certain technological developments have eased some of the burdens associated with litigation, federal courts and the federal bar are bound by the procedures provided under 28 U.S.C. §1404(a), and are so bound until Congress repeals 28 U.S.C. §1404(a), recognizing that, as Plaintiff claims, "the difficulties envisioned by the authors of the statute no longer exist."

## II

## LAW AND ARGUMENT

**A.    The convenience of the parties and witnesses is only enhanced by transfer to the Eastern District of Louisiana.**

Since the sole parties to this action are only Plaintiff and Waterman Steamship, neither party will be inconvenienced by the transfer requested herein.  At the time of Plaintiff's alleged accident and at the time it filed its declaratory judgment action in the Eastern District of Louisiana, Waterman Steamship's principal place of business was in New Orleans.  *See* supplemental Declaration of Lisa G. Johnston, submitted in support of this motion, at ¶¶ 2 & 3 [hereafter "*Johnston Declaration* at __"].  Further, at all times relevant, Plaintiff was domiciled in New Orleans.   The simple act of "waiving" any inconvenience does not alter this fact, and Plaintiff has provided no positive authority recognizing such an argument. Certainly, even in his opposing Declaration, Plaintiff does not testify he would *not* be inconvenienced by litigating in New York.  To be sure, Waterman Steamship is incorporated in New York; however, its vessel operations, crewing and management were conducted from New Orleans at the time its declaratory judgment action was filed.  Plaintiff's attempt to establish by way of corporate filings a principal place of business in New York rings hollow in light of the fact that countless corporate entities, including Waterman Steamship, incorporate in one state and conduct business in another.  Telling is however the fact that Plaintiff offers no evidence to establish New York as Waterman Steamship's principal place of business, *i.e.*, evidence tending to prove that Waterman Steamship's New York presence constitutes a "nerve center" or the place from which its operational decisions are made.  For these are the most basic tenets of federal corporate citizenship, tenets Plaintiff casually seeks to avoid by arguing generally that a corporate filing alone establishes a corporation's principal place of business.  It does not and such strained argument hardly merits consideration.

Furthermore, despite Plaintiff's assertion otherwise, the fact that none of the other crew members and potential fact witnesses to be called by Waterman Steamship live in or in the vicinity of New York is certainly relevant to this Court's analysis.  Traditionally, the most important factor in determining whether to grant a motion to transfer is the convenience of the witnesses, especially those that are non-party witnesses.  *See Age Group Ltd. V. Regal Logistics Corp.*, 2007 WL 2274024 (S.D.N.Y. Aug. 8, 2007) (citing *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F.Supp.2d 395, 402 (S.D.N.Y. 2005).  Here, the only eye-witnesses to Mr. Jackson's alleged incident, Mr. Alfred Lee Polk and Mr. Kyle Parson, identified in the accident report submitted with Waterman Steamship's original motion papers, neither are currently employed by Waterman Steamship nor do they resides in or near New York.  *See Johnston Declaration* at ¶¶ 5-7.  Despite Plaintiff's assertion otherwise, forcing Waterman Steamship to conduct its case by deposition, even videotaped deposition, is unjustified.  *See Hoppe v. G.C. Searle & Company*, 683 F.Supp. 1271, 1276 (D. Minn. 1988).  Certainly, in a case such this where a plaintiff does not reside in New York, the sole defendant's principal place of business is located outside of New York, and no known fact witnesses reside in New York, the convenience of the parties and witnesses can only be enhanced by transfer from this district.

**B.      Mr. Jackson's choice of forum is entitled to little deference in this matter.**

Plaintiff goes to great lengths in his opposition to argue that, regardless of his residence or domicile, Plaintiff's choice of forum should not be disturbed absent a "clear and convincing" showing by Defendant that convenience and justice mandate that the litigation proceed elsewhere.  That is, Plaintiff suggests that his choice of forum is of paramount significance. While there is jurisprudence within this district to support such a position,[2] subsequent decisions

---

[2] *See, Sunshine Cellular v. Vanguard Cellular Sys., Inc.*, 810 F.Supp. 486, 500 (S.D.N.Y. 1992) ("even when the plaintiff is not a resident of the chosen forum, his choice

have held that those cases are consistent with Waterman Steamship's argument that a plaintiff's choice of forum is entitled to little weight if there is no material connection between the chosen forum and the action. *Anadigics, Inc. v. Raytheon Company*, 903 F.Supp. 615, 617 (S.D.N.Y. 1995) (citing *Bordiga v. Directors Guild of America*, 159 F.R.D. 457, 462 (S.D.N.Y. 1995). Therefore, contrary to any suggestion otherwise, Plaintiff's choice of forum is in fact entitled to little deference in this litigation.

**C.      Any inefficiencies in trial of this matter are the result of Plaintiff's own inaction.**

Plaintiff argues that any inefficiency in the trial of this matter is the direct result of Waterman Steamship's "race to the courthouse" in an attempt to prejudice a seaman's right to a jury. Nothing could be further from the truth. Certainly transferring this action to Louisiana will not abrogate Plaintiff's jury demand in this action. Further, Plaintiff could have easily increased the efficiency of the trial of this matter by either proceeding with his Jones Act and general maritime law claims in the Eastern District of Louisiana and consolidating them with Waterman Steamship's declaratory judgment action or by simply counter-claiming for damages under the Jones Act and the general maritime law in the declaratory judgment action. In either case, he would be entitled to a trial by jury, and would still be so entitled upon transfer. Either procedure would have been far more efficient than filing in this Court. But rather than file responsive pleadings in the Eastern District of Louisiana and following some two and a half months of inaction, and then only in response to the Louisiana district court setting its Call Docket, did Plaintiff file his claims in the Southern District of New York. Based on this confluence of facts, it is clear that any trial inefficiencies are the direct result of inaction on the part of Plaintiff alone.

---

is still entitled to significant weight.").

## III

## CONCLUSION

Because there is no material connection between the Southern District of New York and the operative facts of this case, transfer to the Eastern District of Louisiana is warranted.

Dated in the City of New York on August 24, 2007

Respectfully submitted,

JUNGE & MELE, LLP
*Attorneys for Defendant*

/s/ Peter A. Junge
By:_____
Peter A. Junge (PJ-0745)
29 Broadway – 9th Floor
New York, NY 10006
(212) 269-0061

*Of Counsel*,

Glenn G. Goodier (La. Bar #6130)
Lance M. Sannino (La. Bar #29409)
JONES, WALKER, WAECHTER,
POITEVENT CARRIÈRE & DENÈGRE, LLP
201 St. Charles Avenue – 48th Floor
New Orleans, LA 70170-5100
(504) 582-8000

TO:    Paul T. Hofmann, Esq.
HOFMANN & ASSOCIATES
*Attorneys for Plaintiff*
360 West 31st Street
New York, NY 10001
(212) 465-8840